ED RIVERS V. STATE.

No. 2372. Decided March 26, 1913.

**1.—Carrying Pistol—Statement of Facts—Charge of Court.**

In the absence of a statement of facts, an objection to the charge of the court cannot be reviewed; besides, the charge requested by defendant was substantially given in the court's main charge.

**2.—Same—Sufficiency of the Evidence—Practice on Appeal.**

An objection that the evidence is insufficient to sustain the conviction cannot be revised on appeal, in the absence of a statement of facts.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. F. Whitehurst.

Appeal from a conviction of unlawfully carrying a pistol; penalty, thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This appeal is prosecuted from a conviction for carrying on and about the person a pistol.

The record is before us without a statement of facts or bills of exception. Appellant asked the following instruction: "You are further instructed that if you find and believe from the evidence that the defendant on the day charged redeemed his pistol at a pawn shop in the City of Dallas for the purpose of carrying it to his home or in case you have a reasonable doubt as to this you will acquit him." This was refused by the court. We might pass this with the statement, the evidence not being before us, that we are unable to ascertain whether the charge was applicable to the facts or not, but we suppose that inasmuch as the court gave a similar charge, the facts did suggest the issue. The court gave this instruction to the jury in this connection: "You are further instructed that if you find and believe from the evidence that the defendant on that date took said pistol out of the pawn shop and was taking said pistol directly to his home or if you have a reasonable doubt there, then you will acquit the defendant." This is substantially the charge requested by appellant, the difference being the court confined the jury to taking the pistol directly to his home, whereas that phase of the evidence, if raised, was not included in appellant's refused instruction. In any event, the facts not being before us, we are unable to revise the matter intelligently, and for this reason the judgment will not be reversed.

The motion for new trial, in addition to the refusal of the court to give the requested instruction, also suggests the evidence is insufficient. This can not be revised in the absence of the statement of facts. As the record is presented, the judgment will be affirmed.

*Affirmed.*